UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOB HENNESSY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-2257 |
| | § | |
| DIVERSIFIED CREDIT SYSTEMS, | § | |
| | § | |
| *Defendant.* | § | |

ORDER GRANTING ATTORNEYS' FEES AND COSTS

This is a case brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the

Texas Deceptive Trade Practices Act ("DTPA"). The case was settled on the eve of trial for $1,000.

Dkt. 46 at 3. Before the court are plaintiff's request for entry of bill of costs (Dkt. 44) and his

petition for attorneys' fees (Dkt. 45). Defendant objects to the request for fees on the basis that it

is untimely, and in the alternative argues that the fees should be reduced by a total of 19.7 hours to

reflect unnecessary "review" hours by attorneys not directly involved in the litigation. Dkt. 46.

1.      **Timeliness.**

Defendant first asserts that plaintiff's motions are untimely because they were not filed within

14 days of the entry of judgment as required by Rule 54. No judgment has been entered in this case.

Rather, the court entered a conditional order of dismissal on January 3, 2011. That same date,

defendant's offer of judgment was filed, and plaintiff indicated his acceptance of that offer. Dkt. 43.

The court still, however, has not actually entered judgment, and, in any event, the offer of judgment

specifically provides that the court retains jurisdiction to determine the appropriate fees in this case.

Dkt. 43-1. The motion is, therefore, not untimely both because no judgment has been entered, and

because the parties agreed that the court would retain jurisdiction over the issue of fees.

2.    **Lodestar analysis.**

Under the FDCPA, a plaintiff in a "successful action to enforce [FDCPA] liability" can recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U .S.C. § 1692k (a)(3).   Plaintiff was successful in this litigation, and is entitled to attorneys' fees.  Plaintiff seeks a total of $17,090.00 in attorneys' fees, and has amended that amount to seek an additional $2,570.00 for preparing and litigating the fee petition in this case, for a total of $19,650.00.  Defendant asserts that 19.7 of the hours expended by the various attorneys involved on plaintiff's behalf were unnecessary.

In evaluating a fee award, the Court determines the amount of attorneys' fees to which a prevailing party is entitled through a two-step process.  *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000), cert. denied, 533 U.S. 929 (2001).  The court first calculates the "lodestar" by multiplying the reasonable number of hours spent on the case by the reasonable hourly rate.  *Id.*  A reasonable rate for attorneys' fees awarded under Section 1692k(a)(3) is the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity.  See *Cope v. Duggins*, 203 F.Supp.2d 650, 655 (E.D. La. 2002) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)).  FLSA plaintiffs seeking attorneys' fees "are charged with the burden of showing the reasonableness of the hours billed . . . ."  *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 799 (5th Cir. 2006); see also *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (stating that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates").  Plaintiffs' counsel, however, "is not required to record in great detail how each minute of his time was expended," but should at a minimum "at least identify the general subject matter of his time expenditures."  *Hensley*, 461 U.S. at 437 n. 12.

2

At the second step, the court considers whether the lodestar amount should be adjusted upwards or downwards based on the factors set out in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974), although the most important of these factors is the overall degree of success achieved. *Hensely*, 461 U.S. at 434.  The Supreme Court has also instructed that the court should engage in a "strong presumption" that the lodestar figure, without adjustment, is the reasonable fee award. *Kenny v. Perdue*, 532 F.3d 1209 (11th Cir. 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

First, to determine the loadstar the court must determine the reasonable hourly rate for the participating attorneys and the reasonable number of hours expended on litigation. *Strong v. BellSouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998).  The court multiplies the number of hours expended by the hourly rate to obtain the "lodestar." *Saizan*, 448 F.3d at 799. After the lodestar is calculated, the court must decide whether to increase or decrease the fee under the *Johnson* factors. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). The factors to be considered are: (1) the time and labor required (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*.

A.      *Hourly Rate*

The first step of the lodestar analysis is determining a reasonable hourly rate. To determine a reasonable hourly rate, courts look to the "prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community**."** *Hilton v. Exec. Self Storage Assocs., Inc.*, 2009 WL 1750121 at 9 (S.D. Tex. June 18, 2009) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).  To prove the reasonableness of the requested rate, counsel "must produce satisfactory evidence-in addition to [his] own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*

Defendant does not challenge the billing rates of any of the counsel involved in this case. Indeed, the hourly rates charged are in line with the court's experience in similar cases and for attorneys with similar experience.

B.      *Number of Hours Reasonably Expended*

Plaintiff also has the "burden of showing the reasonableness of the hours billed and, therefore, [is] also charged with proving that they exercised billing judgment." *Saizan v. Delta Concrete Prods.* Co.*,* 448 F.3d 795, 799 (5th Cir. 2006). "Billing judgment" requires the plaintiff to document the hours billed and those written off as "unproductive, excessive, or redundant." *Id.* Hours that are excessive or redundant are to be excluded, and the court has discretion to reduce a percentage of the hours billed as a means of "trimming fat from a fee application."  *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045 at 3 (S.D. Tex. 2008) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

Defendant suggests that there are several entries for what appear to be supervisory or consulting work by attorneys in this case.  A review of those same records, however, evidence that

4

several entries for review work were waived as part of the fee petition. Dkt. 45-2. The court is not convinced that this very simple case required supervision or consultation between six attorneys, but it is also apparent that billing judgment was exercised in this case. Nonetheless, objections to the calendaring activities of a senior attorney (Marshal Meyers) and review of other attorneys' activities by Meyers and Aaron Radbil was largely unnecessary. Therefore, the court will deduct 1.9 hours of time billed by attorney Meyers ($521.50), and 4 hours of the time expended by attorney Aaron Radbil ($1,000) for a total deduction of $1,521.50, leaving a lodestar amount of $18,128.50.

C.    *Lodestar adjustment*

The lodestar amount is presumptively reasonable. *Saizan*, 448 F.3d at 800. After the lodestar amount is determined, the court may increase or decrease the amount based on the twelve *Johnson* factors. *Id*. However, the lodestar may not be adjusted using a *Johnson* factor if the creation of the lodestar already considered that factor. *Id*. "Of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Id*. Several of the *Johnson* factors were considered in determining the lodestar, including the time and labor involved, experience and ability of counsel, and the customary fee. The *Johnson* factors do not justify an upward or downward adjustment of the loadstar in this case. Indeed, the sole possible argument for reducing the fee in this case would be that the fees far exceed the amount of damages obtained. However, it is not surprising in this type of case that the award of damages is exceeded by the attorneys' fees charged. *Prater v. Commerce Equities Man. Co., Inc.*, 2008 WL 5140045 at *3 (S.D. Tex. Dec.8, 2008) ($117,000 fee award on case recovering a total of $8,500 in damages) (Rosenthal, J.). Thus, the court finds that this is not one of the exceptional cases where the lodestar should be reduced. *Saizan*, 448 F.3d at 800.

Plaintiff also seeks an award of costs including court costs, copying and other litigation-related expenses in the total amount of $1,637.75.  Dkt. 44.  There is a strong presumption under Federal Rule of Civil Procedure 54(d)(1) that the prevailing party will be awarded costs.  *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006).  Defendant raises no objection to the bill of costs, and the court has reviewed the costs and finds no reason to disallow them.  Plaintiff is entitled to taxable litigation costs in the amount of $1,637.75.

CONCLUSION

Accordingly, on the basis of the foregoing analysis, the motion for attorneys' fees (Dkt. 45) and costs (Dkt. 44) are GRANTED.  Plaintiff is awarded attorneys' fees in the amount of $18,128.50, and costs in the amount of $1,637.75.

JUDGMENT is hereby entered in favor of plaintiff Bob Henessey[1] and against defendant Diversified Credit Systems, Inc., in the amount of $18,128.50 for attorneys' fees, and in the amount of $1,637.75 for court costs.

Signed at Houston, Texas on June 15, 2011.

_____
Gray H. Miller
United States District Judge

---

[1]     The Fifth Circuit has indicated that a judgment for fees and costs should be entered in favor of the plaintiff in an FDCPA case, rather than in favor of plaintiff's counsel. *Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx. 35, 44 (5th Cir.2008) (per curiam) (district court erred in awarding attorney's fees directly to plaintiff's counsel instead of to plaintiff under FDCPA).